**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MARK WILLIAM ROBERTS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 15-CV-0406-JED-FHM |
| | ) |
| TRACY MCCOLLUM, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

On July 20, 2015, Petitioner Mark William Roberts, a state inmate appearing *pro se*, filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus (Doc. 1). In response to the petition, Respondent filed a motion to dismiss for failure to exhaust state remedies (Doc. 9) and a brief in support of the motion (Doc. 10). Petitioner filed a motion for appointment of counsel (Doc. 11) and a response to the motion to dismiss (Doc. 13). For the reasons discussed below, Respondent's motion to dismiss shall be denied. However, because Petitioner failed to present his claim raised in Ground 1 to the Oklahoma Court of Criminal Appeals (OCCA) and exhaustion would be futile, the claim is defaulted and will be denied unless Petitioner can overcome the anticipatory procedural bar by demonstrating either "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his defaulted claim is not considered. Further, Respondent shall respond to the exhausted claims raised in the petition, i.e., Grounds 2-10.

As a preliminary matter, the Court finds that Petitioner's motion for appointment of counsel shall be denied. There is no constitutional right to counsel beyond the direct appeal of a conviction, and "generally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *See Swazo v. Wyoming Dep't of Corrections*, 23 F.3d 332, 333 (10th Cir. 1994).

## BACKGROUND

Petitioner was charged with two counts of felony murder (Counts 1 and 2), arson – first degree (Count 3), and manufacturing or attempted manufacturing of a controlled dangerous substance (methamphetamine) (Count 4) in Tulsa County District Court, Case No. CF-2009-2351. Doc. 10-3 at 1; *see* http://www.OSCN.net. Attorneys Mark Collier, James Huber, and Ian Shahan represented Petitioner at his trial. Doc. 10-3 at 7. The record reflects that, at the conclusion of a jury trial, Petitioner was convicted of Count 4 – manufacturing or attempted manufacturing of a controlled dangerous substance (methamphetamine).[1] *Id.* at 1. The jury found that Petitioner had previously been convicted of two (2) or more felonies and recommended a sentence of life imprisonment and a $50,000 fine. *Id.* at 1. The trial judge sentenced Petitioner in accordance with the jury's recommendation. *Id.* at 1.

Petitioner perfected a direct appeal to the OCCA (Doc. 10-2). Represented by attorney Matthew D. Haire, Petitioner raised ten (10) propositions of error, as follows:

| | |
|---|---|
| Proposition 1: | Under the specific facts of this case Appellant's conviction violates his state and federal rights to due process. |
| Proposition 2: | Multiple prejudicial errors in the admission of evidence deprived Appellant of a fair trial. |
| Proposition 3: | Appellant's state and federal rights to due process were violated by the improper destruction of evidence important to his defense. |
| Proposition 4: | Appellant's state and federal rights to due process, confrontation, and a fair trial were violated by the introduction of improper opinion testimony. |
| Proposition 5: | Errors in jury instructions deprived appellant of a fair trial. |

---

[1]The jury acquitted Petitioner of Counts 1, 2, and 3. Doc. 10-3 at 1 n.1.

2

|   |   |
|---|---|
| Proposition 6: | There was insufficient evidence upon which to convict Appellant of attempting or manufacturing methamphetamine. |
| Proposition 7: | Prosecutorial misconduct infected the proceedings and denied Appellant a fair trial. |
| Proposition 8: | Appellant's statements were not the product of a knowing and intelligent waiver, nor were they voluntary, and should have been suppressed. |
| Proposition 9: | Appellant's sentence is excessive. |
| Proposition 10: | Cumulative error requires Appellant's conviction be reversed. |

*Id.* In an unpublished summary opinion, entered May 20, 2013, in Case No. F-2012-94, the OCCA affirmed the trial court's judgment and sentence. Doc. 10-3 at 1, 6.

On March 17, 2014, Petitioner filed an application for post-conviction relief in the trial court. Doc. 10-4; *see* http://www.OSCN.net. Petitioner raised three (3) propositions of error, as follows:

|   |   |
|---|---|
| Proposition 1: | The Petitioner was denied effective assistance of counsel on appeal and due process, in violation of the provisions contained in the Oklahoma State Constitution, Article 2 Section 20, and U.S. Constitution 6th and 14th Amendments. |
| Proposition 2: | Petitioner was denied effective assistance of counsel at trial in violation of Okla. Const. Art. II §§ 2, 19, & 20 and U.S. Const. 5th, 6th, & 14th Amends. denying due process and equal protection of laws. |
| Proposition 3: | The trial court through *ex parte* communication in the guilt/innocence stage of the trial, violated Petitioner's due process and equal protection by failing to bring jurors back into the courtroom to answer questions of law. |

*See* Doc. 10-4. On November 20, 2014, after receiving a response from the State but without receiving a reply from Petitioner, the trial court denied Petitioner's application for post-conviction relief. *See* http://www.OSCN.net. Petitioner perfected a post-conviction appeal, OCCA Case No. PC-2014-1068. *See id.* On post-conviction appeal, Petitioner complained only that the state district

court erred when it denied his post-conviction application without giving him the opportunity to file a reply. He did not challenge the district court's rulings on his substantive claims. In an order filed March 19, 2015, the OCCA affirmed the denial of post-conviction relief, finding that "Petitioner cites no authority, and we find none, that requires the trial court to wait any specific time before ruling on a post-conviction application after the answer brief is filed by the State." *Id.* (*Mark William Roberts v. State*, Case No. PC-2014-1068 (Okla. Crim. App. Mar. 19, 2015) (unpublished)).

On April 30, 2015, Petitioner filed his first federal petition for a writ of habeas corpus. *See* N.D. Okla. Case No. 15-CV-229-TCK-TLW. In that case, Respondent filed a motion to dismiss for failure to exhaust state court remedies. In response to the motion to dismiss, Petitioner filed a motion to dismiss the petition so that he could return to state court and exhaust state court remedies. The Court granted Petitioner's motion and dismissed the petition without prejudice.

On July 20, 2015, Petitioner filed his petition for a writ of habeas corpus in this case (Doc. 1). In his petition, Petitioner identifies ten (10) grounds of error as follows:

Ground 1: Under the specific facts of this case Appellant's conviction violates his state and federal rights to due process.

Ground 2: Multiple prejudicial errors in the addmission [sic] of evidence deprived appellant of a fair trial.

Ground 3: Appellant's state and federal rights to due process were violated by the improper destruction of evidence important to his defense.

Ground 4: Appellant's state and federal rights to due process confrontation and a fair trial were violated by the introduction of improper opinion testimony.

Ground 5: Errors in jury instructions deprived appellant of a fair jury trial.

Ground 6: There was insufficient evidence upon which to convict appellant of attempting or manufacturing methamphetamine.

        Ground 7:        Prosecutorial misconduct infected the proceedings and denied appellant a fair trial.

        Ground 8:        Appellant's statements were not the product of a knowing and intelligent waiver, nor were they voluntary, and should have been suppressed.

        Ground 9:        Appellant's sentence is excessive.

        Ground 10:       Cumulative error requires appellant's conviction be reversed.

*See id.* In response to the petition, Respondent filed a motion to dismiss, arguing that the petition should be dismissed as a mixed petition containing both exhausted and unexhausted claims (Docs. 9, 10). Respondent argues that the issues Petitioner raises in Ground 1 were not presented to the OCCA either on direct appeal or in an appeal from the denial of Petitioner's application for post-conviction relief, and that, therefore, Petitioner has not exhausted Ground 1 (Doc. 10 at 2-5). Petitioner responds that Ground 1 in the current case is "identical" to Ground 1 as raised in his prior petition filed in Case No. 15-CV-229-TCK-TLW and that only the "supporting facts on the petition(s)" are different (Doc. 13 at 1-2).

## *ANALYSIS*

In the habeas corpus context, the United States Supreme Court "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (citations omitted). To exhaust a claim, Petitioner must have "fairly presented" that specific claim to the state's highest court. *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971). A petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

5

The exhaustion requirement is based on the doctrine of comity. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Requiring exhaustion "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (citations omitted). To satisfy the exhaustion requirement, a prisoner must afford the state courts an "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim," *Picard*, 404 U.S. at 277 (internal quotation marks and citation omitted) (brackets in original), "which entails presentation both of the facts on which he bases his claim and the constitutional claim itself." *Wilson v. Workman*, 577 F.3d 1284, 1292 (10th Cir. 2009) (citations omitted), *overruled on other grounds as recognized in Glossip v. Trammell*, 530 F. App'x 708, 736 (10th Cir. 2013). The burden of proving exhaustion rests with the prisoner. *See Olson v. McKune*, 9 F.3d 95, 95 (10th Cir. 1993).

In this case, after reviewing the record, the Court finds that Petitioner presented Grounds 2 through 10 to the OCCA on direct appeal. Those claims are exhausted. However, Petitioner has not presented the double jeopardy claim raised in Ground 1 to the OCCA. In Ground 1 of his petition, Petitioner alleges that "[u]nder the specific facts of this case [Petitioner's] conviction violates his state and federal rights to due process" because his "conviction on Count 4 [manufacturing or attempted manufacturing of a controlled dangerous substance (methamphetamine)] violated double jeopardy and multiple punishment for a single act." Doc. 1 at 5. Petitioner avers that these claims were exhausted on direct appeal. *Id.* at 5.

On direct appeal, Petitioner argued that "[u]nder the specific facts of this case Appellant's conviction violates his state and federal rights to due process" because "making, or attempting to

6

make, methamphetamine served as a defining element for both crimes [felony murder and arson – first degree] of which the jury found Appellant not guilty" and "his acquittals on those charges necessarily precludes his conviction" on Count 4 (Doc. 10-2 at 9). Petitioner claimed that the verdicts were inconsistent and that, based on a note sent out by the jury during deliberations and the trial judge's response to the note, he was convicted of a crime that was not charged, in violation of his right to due process (*id.* at 15). Petitioner did not argue on direct appeal, as he now does in his habeas petition, that the conviction "violated double jeopardy and multiple punishment for a single act" (*see* Doc. 1 at 5).

In Proposition Two of his application for post-conviction relief, Petitioner raised a claim of ineffective assistance of counsel and alleged that the prosecution erroneously "combin[ed] different theories of offenses in one count charging Petitioner with an offense generated from two different Oklahoma criminal statutes" (Doc. 10-4 at 9). Petitioner asserted that "this type of error is tantamount to double jeopardy where the State at the conclusion of the preliminary hearing used two (2) separate sections of law in a singular act that have different elements requiring dissimilar proof to convict Petitioner under one criminal act." *Id.* at 10. The state trial court denied Petitioner's application for post-conviction relief, and Petitioner presented only a procedural challenge to the OCCA on post-conviction appeal. *See Roberts*, Case No. PC-2014-1068, http://www.OSCN.net. Petitioner did not raise his ineffective assistance of counsel claim on post-conviction appeal.

Even if Petitioner had raised his claim of ineffective assistance of trial counsel on post-conviction appeal, it would be insufficient to exhaust the underlying "analytically distinct" double jeopardy claim. *See Medicine Blanket v. Brill*, 425 Fed. App'x 751, 753-54 (10th Cir. 2011)

(unpublished)[2] (finding petitioner's due process claim was not exhausted even though it "shar[ed] a similar factual predicate with [petitioner's exhausted] ineffective assistance of counsel claim"); *Richardson v. Ploughe*, Case No. 12-CV-01828-BNB, 2012 WL 4668759 at *5 (D. Colo. Oct. 2, 2012) (unpublished) ("To exhaust the factual basis for an ineffective assistance of counsel claim as an independent constitutional violation, a habeas petitioner must raise the claim separately." (citations omitted)); *Aguilar v. Tamme*, Case No. 13-CV-00494-MSK, 2013 WL 3441673 at *4 (D. Colo. Aug. 28, 2013) (unpublished).

In addition, the Court recognizes that the heading of the claim Petitioner presents to this Court as Ground 1 of his federal habeas petition is the same as the heading of the claim Petitioner presented to the OCCA as Proposition 1 in his direct appeal. However, that is not enough to render the claim exhausted. To exhaust a claim, Petitioner must present both "the facts on which he bases his claim and the constitutional claim itself" to the highest state court. *Wilson*, 577 F.3d at 1292. Petitioner never presented the substance of Ground 1 to the OCCA. While Petitioner presented a due process claim to the OCCA on direct appeal, the substance of Petitioner's argument was that his acquittals on Counts 1-3 precluded his conviction on Count 4 in violation of his right to due process. Petitioner never presented the claim that his conviction on Count 4 was a double jeopardy violation, and the OCCA never had an opportunity to "apply controlling legal principles to the facts bearing upon [his] constitutional claim." *Picard*, 404 U.S. at 277.

For the foregoing reasons, the Court finds that Ground 1 is unexhausted. The petition is "mixed" because it contains both an unexhausted claim and exhausted claims.

---

[2]This and other unpublished opinions are not precedential but are cited for their persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

While the Court could require Petitioner to return to state court to raise Ground 1 in a second post-conviction application, the OCCA routinely applies a procedural bar to such claims unless the petitioner provides "sufficient reason" for his failure to raise the claim in an earlier proceeding. Okla. Stat. tit. 22, § 1086; *Moore v. State*, 889 P.2d 1253 (Okla. Crim. App. 1995). Nothing in the record suggests that Petitioner has "sufficient reason" for failing to raise his Ground 1 double jeopardy claim in a prior proceeding. As a result, the OCCA would impose a procedural bar[3] on the claim if Petitioner raised it in a second application for post-conviction relief. Because the claim would be subject to a procedural bar in the state courts, the Court finds it would be futile to require Petitioner to return to state court to exhaust the claim. *See Duckworth*, 454 U.S. at 3 (the futility exception is supportable "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief"); *see also Coleman*, 501 U.S. 722; *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993). Therefore, there is an absence of available State corrective process, *see* 28 U.S.C. § 2254(b)(1)(B), and Petitioner's claim in Ground 1 is not barred by the exhaustion requirement. *See Clayton v. Gibson*, 199 F.3d 1162, 1170 (10th Cir. 1999). For that reason, Respondent's motion to dismiss for failure to exhaust state remedies shall be denied.

---

[3]The resulting procedural bar, based on Okla. Stat. tit. 22, § 1086, would be independent and adequate to preclude federal habeas corpus review. *See Smith v. Workman*, 550 F.3d 1258, 1267 (10th Cir. 2008).

However, as a result of Petitioner's procedural default, an anticipatory procedural bar[4] will be applied to the double jeopardy claim raised in Ground 1 unless Petitioner shows "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the claim. *Coleman*, 501 U.S. at 750; *Maes v. Thomas*, 46 F.3d 979, 985 (10th Cir. 1995). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id.* A petitioner is additionally required to establish prejudice; this requires showing "'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982). The alternative is proof of a "fundamental miscarriage of justice"; this requires a petitioner to demonstrate that he is actually innocent of the crime of which he was convicted. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

Within thirty (30) days of the entry of this Order, Petitioner may file a brief demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default as to Ground 1 of his petition. Respondent may file a response within thirty (30) days of the filing of Petitioner's brief. Also, within thirty (30) days of the entry of this order, Respondent shall file a response to the exhausted claims raised in Grounds 2-10 of the petition. Petitioner may file a reply to Respondent's response to the exhausted claims within thirty (30) days of the filing of Respondent's response.

---

[4] An "[a]nticipatory procedural bar occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1140 n.7 (10th Cir. 2007) (citation and internal quotation marks omitted).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's motion for appointment of counsel (Doc. 11) is **denied.**

2. Respondent's motion to dismiss for failure to exhaust state remedies (Doc. 9) is **denied.**

3. Within thirty (30) days of the entry of this Order, or by **March 7, 2016**, Petitioner may file a brief demonstrating either "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the anticipatory procedural bar applicable to Ground 1 of the petition.

4. Respondent may file a **response** within thirty (30) days after the filing of Petitioner's brief addressing the defaulted claim.

5. If Petitioner fails to file a brief as directed above, his claim raised in Ground 1 will be denied as procedurally barred.

6. By the above-referenced date, Respondent shall file a response to the exhausted claims raised in Grounds 2-10 of the petition. <u>Extensions of time will be granted for good cause only</u>.

7. Petitioner may file a **reply brief** within thirty (30) days after the filing of Respondent's response to Petitioner's exhausted claims.

ORDERED THIS 4th day of February, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE